## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARFIELD REFINING LLC. <br> 810 East Cayuga Street <br> Philadelphia, PA 19125 <br> Plaintiff, <br> v. <br><br> HARTFORD INSURANCE COMPANY, <br> One Hartford Plaza <br> Hartford, CT 06115 <br> and <br><br> FEDERAL INSURANCE COMPANY <br> 55 Water Street <br> New York, NY 10041 <br> and <br><br> CHUBB & SONS, INC. <br> 100 William Street <br> New York, NY 10038 <br><br> Defendants. | CIVIL ACTION NO.: <br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Garfield Refining LLC. ("Garfield"), by way of Complaint against Defendants, Hartford Insurance Company ("Hartford"), Federal Insurance Company ("Federal"), and Chubb & Sons. Inc. ("Chubb"), says:

### I. Preliminary Statement

This matter involves a dispute over the allocation of defense costs and potential indemnity costs

relating to an environmental liability claim against Garfield arising from the Ventron Velsicol and Berry's Creek sites in New Jersey (the "Underlying Claim").

## II. Parties

1. Plaintiff, Garfield Refining LLC, is a Delaware Limited Liability Company, organized with its current corporate offices located at 810 East Cayuga Street, Philadelphia, Pennsylvania.   All of the members of Garfield are residents of Pennsylvania.   Garfield Refining LLC is the corporate successor to Garfield Baring Corp.

2. Defendant, Hartford Insurance Company ("Hartford") is a corporation authorized to do business as an insurance company and organized and existing under the laws of the State of Connecticut with its principal place of business at One Hartford Plaza, Hartford, Connecticut 06115.

3. Defendant, Federal Insurance Company ("Federal") is a corporation authorized to do business as an insurance company and organized and existing under the laws of the State of New York with its principal place of business at 55 Water Street New York, New York.

4.   Defendant, Chubb & Sons, Inc. is a corporation authorized to do business as an insurance company and organized and existing under the laws of the State of New Jersey with its principal place of business at 100 William Street, New York, New York.   Chubb & Sons, Inc. is the corporate successor to the Insurance Company of North America and/or has assumed liability for any claims under policies sold by the Insurance Company of North America.

## III.    JURISDICTION AND VENUE

6.    The subject matter jurisdiction of this Court is based upon 28 U.S.C. §1332, in that there is complete diversity of citizenship among the parties, and the amount in controversy exceeds

$75,000.00, exclusive of interests and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391, in that all of the parties transact business in this District and part of the events giving rise to this dispute occurred in this District.

## IV. FACTUAL BACKGROUND

8. Hartford sold comprehensive general liability insurance policies to Garfield for the period May 6, 1971 – May 6, 1977, with policy numbers 39MP105167 and 39MP108544.

9. Chubb, as successor to the Insurance Company of North America, sold comprehensive general liability insurance policies to Garfield for the period May 6, 1977 – May 6, 1983, with policy numbers GLP 641423, GPL 809947, GPL 600211643, GPL 60308724-4, GPL 70851, GPL 60436337, GPL 601998535.

10. Federal sold comprehensive general liability insurance policies to Garfield for the period June 16, 1984 – June 16, 1985, policy number 35252247.

11. Garfield tendered the defense of the Underlying Claim to the Defendants.

12. The Defendants accepted the defense of the Underlying Claim.

13. Since approximately 2001, the parties have been operating under an informal cost sharing arrangement in which Hartford is paying 42.3% of defense cost, Chubb is paying 43.5% of defense costs, Federal is paying 7.1% of defense costs, and Garfield is paying 7.1% in lieu of Reliance Insurance Company, a now insolvent insurer.

14. The defendants reserved their rights concerning the percentages payable, and Garfield reserved its right to challenge that it was liable for any amount of defense or indemnity costs.

15. This declaratory judgment claim seeks declarations of coverage by this Court with respect to defendants' respective shares of defense and indemnity, a declaration that Garfield does not have to contribute either to defense or indemnity in the Underlying Claim, and that the defendants must reimburse Garfield for the amount it has paid to date, an amount that should have been paid by the Defendants.

16. Plaintiff has complied with all conditions and obligations under the subject insurance policies with respect to its rights to a defense and to indemnity for the Underlying Claim.

**WHEREFORE**, plaintiff respectfully requests this Court enter judgment declaring as follows:

1. Defendants are liable to pay all sums for the defense of plaintiff with respect to the Underlying Claim, and that defendants' duty to pay for the defense will continue until final resolution of the Underlying Claim;

2. Defendants are liable to pay all sums necessary to fully indemnify plaintiff for any damages, costs, or expenses that plaintiff has paid or is required to pay with respect to the Underlying Claim; and

3. For such other relief as the court deems just and proper.

**OFFIT KURMAN**
Attorneys for Plaintiffs

/s/Michael Conley
Michael Conley, Esq - Bar Id 54142
Meghan Finnerty, Esq. - Bar Id 202950
1801 Market Street, Suite 2300
Philadelphia, PA   19103
(267) 338-1317

mconley@offitkurman.com
mfinnerty@offitkurman.com

Dated: November 15, 2022

4867-3455-1358, v. 1